IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD W. CUMMINS, V., <br><br> Plaintiff, <br><br> vs. <br><br> BIG HORN COUNTY JAIL, MANUEL GOMEZ, <br><br> Defendants. | CV 23-26-BLG-SPW <br><br><br> ORDER |

Plaintiff Richard W. Cummins is a state prisoner proceeding without counsel and in forma pauperis. On November 17, 2023, this Court issued a Scheduling Order. (Doc. 15.) On November 30, 2023, defense counsel advised the Court that they were unable to serve Mr. Cummins as he had been transferred from the Yellowstone County Detention Center and had not provided an updated address. (Doc. 17.) Additionally, mail sent to Mr. Cummins from the Clerk of Court has been returned as undeliverable. (Doc. 18.)

Mr. Cummins has been advised by the Court that it is his responsibility to immediately inform the Clerk of Court of any change in address and that failure to do so may result in dismissal of the matter without notice. *See* (Doc. 3 at 2); *see also* (Doc. 4 at 2-3); (Doc. 7 at 12); (Doc. 9 at 3); (Doc. 15 at 9.) Mr. Cummins is

1

not listed on the Montana Department of Corrections Offender Network.[1] Accordingly, both the Court and defense counsel are without means to contact Mr. Cummins.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*

---

[1] *See*: https://app.mt.gov/conweb/Search (accessed December 27, 2023).

*v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Cummins has failed to comply with this Court's repeated orders advising him of the need to keep the Court and Defendants appraised of his address. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Cummins refuses to comply with the Court's orders. Mr. Cummin's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted.

Defendants and their counsel have spent time and effort attempting to comply with the scheduling order. Mr. Cummins has not provided a current addressing, making defense counsel's efforts futile. The Court finds Respondents have been prejudiced and that further prejudice will likely occur.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.,* 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Cummins was advised on multiple occasions that his failure to provide a current address would result in dismissal. Such a warning satisfies the considerations of the alternative requirement. *See Ferdik,* 963 F. 2d at 1262. Mr. Cummins had adequate warning that dismissal would result from his noncompliance with the Court's orders. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Mr. Cummin's failure to prosecute

4

pursuant to Fed. F. Civ. P. 41(b). Accordingly, the Court enters the following:

## ORDER

1. This matter is DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 8th day of January, 2024.

Susan P. Watters
United States District Court Judge